1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER BILLINGTON and            No.  2:18-cv-02082-TLN-EFB
     RONALD COOKSEY, on behalf of
12   themselves, all others similarly situated,
     and on behalf of the general public,
13                                          **ORDER**
                  Plaintiffs,
14
15           v.

16   UNITED NATURAL FOODS, INC.;
     UNITED NATURAL FOODS WEST,
17   INC.; and DOES 1 through 100,

18                  Defendants.

19

20          This matter is before the Court on Defendants United Natural Foods, Inc. and United

21   Natural Foods West, Inc.'s (collectively, "Defendants") Motion to Dismiss and/or Strike.  (ECF

22   No. 9.)  Plaintiffs Christopher Billington and Ronald Cooksey (collectively, "Plaintiffs") filed an

23   opposition.  (ECF No. 13.)  Defendants filed a reply.  (ECF No. 14.)  For the reasons set forth

24   below, the Court GRANTS in part and DENIES in part Defendants' motion.

25   ///

26   ///

27   ///

28   ///

                                                    1

| | |
|---|---|
| 1 | **I.**      **FACTUAL AND PROCEDURAL BACKGROUND** |
| 2 | On June 19, 2018, Plaintiffs commenced this class action against Defendants — their |
| 3 | former employers — in Sacramento County Superior Court.  (ECF No. 1-1.)  Plaintiffs' |
| 4 | Complaint alleges eight claims for violations of the California Labor Code and applicable wage |
| 5 | orders: (1) failure to pay straight time wages; (2) failure to pay overtime wages; (3) failure to |
| 6 | provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to authorize and |
| 7 | permit recovery periods; (6) knowing and intentional failure to comply with itemized employee |
| 8 | wage statement provisions; (7) failure to pay all wages due at time of termination of employment; |
| 9 | and (8) violation of California's Unfair Competition Law ("UCL"), California Business & |
| 10 | Professions Code § 17200, et seq.  (*Id.*)  On July 30, 2018, Defendants timely removed the case to |
| 11 | this Court.  (ECF No. 1.)  Defendants filed the instant Motion to Dismiss and/or Strike on August |
| 12 | 20, 2018.  (ECF No. 9.) |
| 13 | **II.**      **STANDARD OF LAW** |
| 14 | A.      <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u> |
| 15 | A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure |
| 16 | ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 |
| 17 | (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the |
| 18 | claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 |
| 19 | (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice |
| 20 | of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. |
| 21 | 544, 555 (2007) (internal quotation omitted).  "This simplified notice pleading standard relies on |
| 22 | liberal discovery rules and summary judgment motions to define disputed facts and issues and to |
| 23 | dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). |
| 24 | On a motion to dismiss, the factual allegations of the complaint must be accepted as true. |
| 25 | *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every |
| 26 | reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail* |
| 27 | *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege |
| 28 | "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to |

relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should

1   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

2   deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

3   *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

4   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

5                     B.      Motion to Strike Pursuant to Rule 12(f)

6           The Court "may strike from a pleading an insufficient defense or any redundant,

7   immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "As with motions to

8   dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true[.]"

9   *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).  Similarly, the Court "must

10  view the pleading in the light most favorable to the nonmoving party."  *Cholakyan v.*

11  *MercedesBenz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011).  "Motions to strike are

12  generally disfavored because they are often used as delaying tactics and because of the limited

13  importance of pleadings in federal practice."  *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp.

14  2d 873, 879 (N.D. Cal. 2011) (internal quotation omitted).  "If there is any doubt whether the

15  portion to be stricken might bear on an issue in the litigation, the court should deny the motion."

16  *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

17          Courts have recognized that class action allegations may sometimes be properly stricken

18  at the pleading stage.  *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209–13 (9th Cir.

19  1975); *see generally Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the

20  issues are plain enough from the pleadings to determine whether the interests of absent parties are

21  fairly encompassed within the named plaintiff's claim.").  However, Ninth Circuit precedent

22  stands "for the unremarkable proposition that often the pleadings alone will not resolve the

23  question of class certification and that some discovery will be warranted."  *Vinole v. Countrywide*

24  *Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  District courts have broad discretion to

25  control the class certification process, including whether to permit discovery in connection with

26  class certification.  *See id*.

27  ///

28  ///

                                                4

1    **III.   ANALYSIS**

2        Defendants move to dismiss all Plaintiffs' claims pursuant to Rule 12(b)(6).  In addition,

3    Defendants move to strike Plaintiffs' class allegations and request for attorneys' fees, interest, and

4    injunctive relief pursuant to Rule 12(f).  The Court will address Defendants' arguments in turn.

5                    A.      <u>Claims One and Two</u>

6        For Claim One — failure to pay all straight time wages — Plaintiffs allege Defendants

7    "have had a consistent policy and/or practice of not paying Plaintiffs and those similarly situated

8    for all hours worked."  (ECF No. 1-1 at 22, ¶ 75.)  Plaintiffs also allege Defendants "have

9    continuous and widespread" policies of improperly clocking out Plaintiffs and "time shaving" or

10   deducting a portion of wages earned.  (*Id.* at 23–24, ¶ 77–83.)  For Claim Two — failure to pay

11   overtime wages — Plaintiffs allege Defendants "failed to pay overtime when employees worked

12   over eight (8) hours per day and when employees worked over forty (40) hours per week."  (*Id.* at

13   25, ¶ 88.)  Aside from the general allegation that Defendants engaged in unlawful conduct for at

14   least four years prior to the filing of this case (*see id.* at 6, ¶ 8), Plaintiffs provide no specific dates

15   as to when these alleged violations occurred.

16       The Ninth Circuit has held that in pleading wage and hour claims, "at a minimum the

17   plaintiff must allege at least one workweek when he worked in excess of forty hours and was not

18   paid for the excess hours in that workweek, or was not paid minimum wages."  *Landers v.*

19   *Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014).  In *Landers*, the plaintiff "presented

20   generalized allegations asserting violations of the minimum wage and overtime provisions of the

21   [Fair Labor Standards Act]."  *Id.*  The plaintiff alleged the defendants implemented a "*de facto*

22   piecework no overtime" system, failed to pay minimum wages or overtime wages, and falsified

23   payroll records to conceal their failure to pay required wages.  *Id.*  In affirming the district court's

24   dismissal of the plaintiff's wage and hour claims, the Ninth Circuit emphasized,

25           Notably absent from the allegations in Landers's complaint . . . was any detail
             regarding a given workweek when Landers worked in excess of forty hours and was
26           not paid overtime for that given workweek and/or was not paid minimum wages.
             Although plaintiffs in these types of cases cannot be expected to allege with
27           mathematical precision, the amount of overtime compensation owed by the

28

                                        5

employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. Landers's allegations failed to provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week.

*Id.* (internal quotation marks and citations omitted).

Defendants argue Plaintiffs' conclusory allegations fail to satisfy the rule set forth in *Landers*. The Court agrees. As in *Landers*, Plaintiffs in the instant case generally assert Defendants had a policy of underpaying them for "all" time worked, but Plaintiffs fail to point to any factual allegations in the Complaint that describe at least one specific workweek where pay was denied to either Plaintiff. Plaintiffs also fail to identify specific tasks for which they were not paid. *See Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015). Indeed, the Complaint fails to identify even basic information, such as the nature of Plaintiffs' employment with Defendants. As a whole, Plaintiffs' overly general allegations fail "to provide sufficient detail about the length and frequency of [their] unpaid work" to support a reasonable inference they were underpaid. *Landers*, 771 F.3d at 646; *see also Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *4–5 (E.D. Cal. Nov. 2, 2016).

Therefore, the Court DISMISSES Plaintiffs' First and Second Claims with leave to amend.

### B.   Claims Three and Four

For Claim Three — failure to provide meal periods — Plaintiffs allege Defendants "failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours." (ECF No. 1-1 at 27, ¶ 97.) Plaintiffs allege Defendants' "business model is such that [the employees] were assigned too much work and insufficient help due to chronic understaffing to be able to take meal periods." (*Id.* at ¶ 99.) Plaintiffs further allege Defendants "had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not being able to take meal periods" and Defendants "would not permit Plaintiffs and the Class to take 30-minute meal periods unless specifically scheduled by Defendants and/or DOES

1    or unless Plaintiff and the Class were expressly told to by Defendants." (*Id.* at ¶¶ 100–01.)

2          For Claim Four — failure to provide rest periods — Plaintiffs allege Defendants "failed to

3    authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten

4    (10) minutes net rest time per four (4) hours or major fraction thereof." (*Id.* at 29, ¶ 109.)

5    Plaintiffs further allege Defendants' "business model was such that Non-Exempt Employees were

6    assigned too much work with insufficient help due to chronic understaffing whereby Plaintiffs

7    and the Class had to work through their rest periods." (*Id.* at ¶ 110.) Finally, Plaintiffs allege

8    Defendants "had a pattern and practice of assigning too much work to be completed in too short

9    of time frames, resulting in Plaintiffs and those similarly situated not being able to take rest

10   periods." (*Id.* at ¶ 111.)

11         Defendants argue Plaintiffs' meal and rest period claims should be dismissed because they

12   do not allege sufficient facts that Plaintiffs were denied meal or rest periods. California Labor

13   Code § 226.7(a) ("§ 226.7(a)") prohibits employers from requiring an employee to work during a

14   meal, rest, or recovery period in accordance with any applicable law. In *Brinker Restaurant*

15   *Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012), the California Supreme Court held that

16   an employer need only "relieve the employee of all duty for the designated period, but need not

17   ensure that the employee does no work."

18         Arguably there is at the very least a reasonable inference that Defendants denied

19   Plaintiffs' meal periods by not permitting Plaintiffs "to take 30-minute meal periods unless

20   specifically scheduled by Defendants. . . or unless Plaintiffs and the Class were expressly told to

21   by Defendants." However, this type of factual allegation about Defendants' conduct is absent

22   from Plaintiffs' rest period claim. It is therefore unclear from Plaintiffs' allegations whether

23   Defendants failed to provide rest periods, or whether Plaintiffs chose to forego rest periods that

24   were available despite their heavy workload. *See Carrasco v. C.H. Robinson Worldwide, Inc.*,

25   No. 1:13-CV-01438-LJO, 2013 WL 6198944, at *10 (E.D. Cal. Nov. 27, 2013) ("These broad

26   statements do not allege any pertinent factual information regarding how [the defendant

27   employers] actually went about coercing the Plaintiff and sub-classes to forego breaks."); *see also*

28   *Morales v. Amazon.com, LLC*, No. 2:17-CV-1981-ODW-JEM, 2018 WL 3636888, at *2 (C.D.

1    Cal. Jul. 30, 2018) ("Plaintiff has not identified any 'pressuring' by [the defendant employer] that

2    coerced Plaintiff to perform her duties in ways that omit breaks.").

3            Regardless, "[t]he requirement in *Landers* that a plaintiff must plead a specific instance of

4    alleged wage and hour violations also applies to claims about missed meal and rest periods."

5    *Guerrero*, 2016 WL 6494296, at *6.  Here, Plaintiffs do not allege "at least one meal or rest break

6    where [they] worked through the break and [were] not paid for that time," nor do they "allege a

7    given instance where Defendant[s] failed to provide [them] a meal or rest break in compliance

8    with state law."  *Id.* (citation omitted).

9            Therefore, the Court DISMISSES Plaintiffs' Third and Fourth Claims with leave to

10    amend.

11                        C.    Claim Five

12            For Claim Five — failure to provide recovery periods — Plaintiffs allege they "work in

13    Sacramento during the summer and autumn months, when temperatures frequently exceed eighty

14    degrees Fahrenheit."  (ECF No. 1-1 at 30, ¶ 117).  Additionally, Plaintiffs allege Defendants

15    failed to "permit, allow, or encourage Plaintiffs and the Class members to take preventative cool-

16    down recovery periods in the shade to protect against overheating when the temperature exceeds

17    eighty (80) degrees Fahrenheit."  (*Id.*)  Moreover, Plaintiffs allege Defendants "failed to

18    implement other cooling measures in lieu of shade at least as effective as shade in allowing

19    employees to cool."  (*Id.* at ¶ 118.)

20            Plaintiffs' allegations are conclusory and essentially recite the statutory language.  In

21    California, employers must provide outdoor employees with access to shade when the

22    temperature exceeds 80 degrees Fahrenheit.  8 CCR § 3395(d)(1).  As mentioned, the Complaint

23    fails to describe what type of work Plaintiffs performed for Defendants.  Plaintiffs do not allege

24    they worked *outdoors* when the temperature exceeded 80 degrees Fahrenheit, nor do they allege

25    that they were denied access to a recovery period in a shaded area on any specific occasion.

26    Absent sufficient factual allegations regarding the nature of Plaintiffs' employment, the Court

27    cannot draw a reasonable inference in Plaintiffs' favor.

28            For these reasons, the Court DISMISSES Plaintiffs' Fifth Claim with leave to amend.

8

1          D.      Claim Six

2          Defendants argue Plaintiffs' Sixth Claim for failure to comply with itemized employee

3    wage statement provisions should be dismissed because it is barred by the statute of limitations.

4    In opposition, Plaintiffs agree to withdraw Claim Six.  (ECF No. 13 at 6.)  Therefore, the Court

5    DISMISSES Plaintiffs' Sixth Claim without leave to amend.

6          E.      Claim Seven

7          For Claim Seven — failure to pay all wages due at termination — Plaintiffs allege

8    Defendants did not timely pay them straight time wages, overtime wages, or meal/rest period

9    premiums owed at the time of their termination.  Plaintiffs also allege Defendants' failure to pay

10   was willful in that "each of them knew the wages to be due, but failed to pay them."  (ECF No. 1-

11   1 at 34, ¶ 138.)

12         The Court agrees with Defendants that Plaintiffs' allegations fail to state a plausible claim.

13   California Labor Code § 203 states "[i]f an employer willfully fails to pay . . . any wages . . . the

14   wages of the employee shall continue as a penalty."  Notably absent from the Complaint are any

15   allegations as to when Plaintiffs' employment with Defendants ended, what wages were earned,

16   and if/when the wages were paid.  *See Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d

17   1025, 1033 (C.D. Cal. 2017) (dismissing a failure to pay wages timely upon discharge claim

18   because the pleading "contain[ed] no description of what wages were due, when they were due,

19   and when, if at all, they were paid").  Plaintiffs also fail to provide any factual allegations to

20   suggest Defendants' alleged failure to pay was willful.  *See Sanchez v. Aerogroup Retail*

21   *Holdings, Inc.*, No. 12-CV-05445-LHK, 2013 WL 1942166, at *14 (N.D. Cal. May 8, 2013)

22   ("Plaintiff has, in essence, just restated the language of Section 203. Plaintiff has not alleged facts

23   showing that [defendant] willfully refused to pay Plaintiff her wages after she was discharged or

24   quit.  Consequently, Plaintiffs' Section 203 claim must be dismissed.").

25         Accordingly, the Court DISMISSES Plaintiffs' Seventh Claim with leave to amend.

26         F.      Claim Eight

27         For Claim Eight — violation of the UCL — Plaintiffs allege Defendants' failure to pay all

28   straight time and overtime, failure to provide compliant meal and/or rest breaks, failure to itemize

9

1   and keep accurate records, and failure to pay all wages due at time of termination constitute

2   "unlawful" activity.  (ECF No. 1-1 at 35, ¶ 142.)  However, Plaintiffs admit in their opposition

3   that the UCL claim "is a derivative claim based upon the other causes of action in Plaintiffs'

4   Complaint."  (ECF No. 13 at 21.)  Having found that Plaintiffs fail to adequately allege any of

5   their claims, the Court DISMISSES Plaintiffs' derivative UCL claim with leave to amend.  *See*

6   *Ramirez v. Manpower, Inc.*, No. 5:13-CV-2880-EJD, 2014 WL 116531, at *7 (N.D. Cal. Jan. 13,

7   2014) ("Where Plaintiff cannot state a claim under the borrowed law, she cannot state a UCL

8   claim either.").

9              G.         Motion to Strike Class Allegations

10          Defendants next move to strike Plaintiffs' class allegations.  "[S]triking is severe and

11  disfavored," and "many courts have declined to so rule solely on the basis of the allegations in a

12  complaint, preferring to address the propriety of the class action at a later stage in the litigation."

13  *Khorrami v. Lexmark Int'l, Inc.*, No. CV 07-01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D.

14  Cal. Sept. 13, 2007); *see also Cholakyan*, 796 F. Supp. 2d at 1245 ("[While] class allegations can

15  be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class

16  certification."); *Vinole*, 571 F.3d at 942 ("District courts have broad discretion to control the class

17  certification process."); *Cole v. Asurion Corp.*, No. CV 06-6649 PSG (JTLx), 2008 WL 5423859,

18  at *14 (C.D. Cal. Dec. 30, 2008) ("[T]he Court is reluctant to preemptively deny Plaintiff at least

19  the opportunity to present a motion for class certification.").

20          In the instant case, the parties have not had the opportunity to conduct discovery or

21  present a motion for class certification.  The Court declines to strike class allegations at this early

22  stage in the litigation.  As such, the Court DENIES Defendants' Motion to Strike Plaintiffs' Class

23  Allegations without prejudice.  Defendants may raise their arguments again at the class

24  certification stage.

25             H.         Motion to Strike Plaintiffs' Request for Attorneys' Fees, Interest, and

26                        Injunctive Relief

27          Plaintiffs' prayers for relief include a request for attorneys' fees, interest, and injunctive

28  relief.  Defendants move to strike these claims for relief.  The Court has determined the

                                                    10

Complaint does not adequately plead any cognizable claims.  Therefore, the Court need not address the parties' arguments regarding Plaintiffs' requested relief at this time and DENIES AS MOOT Defendants' motion to strike Plaintiffs' prayers for relief.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and/or Strike (ECF No. 9) is GRANTED in part and DENIED in part as follows:

1. Claims One through Eight are DISMISSED with leave to amend, except Claim Six, which is DISMISSED without leave to amend;

2. Defendants' Motion to Strike Plaintiffs' class allegations is DENIED; and

3. Defendants' Motion to Strike Plaintiffs' request for attorneys' fees, interest, and injunctive relief is DENIED AS MOOT.

Plaintiffs may file an amended complaint not later than fourteen (14) days from the date of electronic filing of this Order.  Defendants' responsive pleading is due twenty-one (21) days after Plaintiffs file their amended complaint.

IT IS SO ORDERED.

DATED:  September 24, 2020

Troy L. Nunley
United States District Judge